**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
Scott J. Ferrell (Bar No. 202091)
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Suite 800
Newport Beach, California 92660
Telephone: (949) 706-6464
Facsimile: (949) 706-6469

Attorneys for Plaintiffs

## UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABELARDO MARTINEZ, JR., an individual, and DOMINICK MARTIN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PERRIGO COMPANY PLC, an Ireland company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-08705 GW (AFMx)<br><br>**NOTICE OF MOTION AND PLAINTIFFS' MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          November 30, 2020<br>Time:          8:30 a.m.<br>Courtroom:   9D<br>Judge:         Hon. George H. Wu |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 30, 2020, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable George H. Wu, United States District Judge, in Courtroom 9D of the United States District Court for the Central District of California, located at the First Street Courthouse, 350 W. 1st Street, Los Angeles, California, Plaintiffs Abelardo Martinez, Jr. and Dominick Martin ("Plaintiffs") will and hereby do move to remand this action to the Superior Court of California for the County of Los Angeles on the grounds that the action does not arise under the laws of the United States, there is no diversity jurisdiction, and the action is not otherwise within the removal jurisdiction of this Court.

This motion is made pursuant to 28 U.S.C. §§ 1446(b) and 1447(c).  This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such further evidence and argument as may be presented before or at the time of hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on September 23, 2020.


Dated:  October 22, 2020           PACIFIC TRIAL ATTORNEYS
                              A Professional Corporation


                              By: */s/ Scott J. Ferrell*
                              Scott J. Ferrell
                              Attorney for Plaintiffs

## TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................ 1

II.  PROCEDURAL HISTORY ........................................................................ 2

III.  ARGUMENT ............................................................................................. 3

   A.  Applicable Law ............................................................................... 3

   B.  Defendant Has Failed to Meet Its Burden of Establishing that Removal Was Proper ............................................................................................... 3

      1.  The Complaint Does Not Allege an ADA Cause of Action. ............ 4

      2.  The Artful Pleading Doctrine Does Not Apply. ............................... 5

      3.  Plaintiffs' Unruh Act Claim Does Not Necessarily Turn on the Construction of a Substantial, Disputed Federal Question. .............. 5

         a.  The Unruh Act Provides Two Separate and Distinct Methods of Establishing an Unruh Act Violation. ................................ 6

         b.  The Complaint Alleges a Plausible Intentional Discrimination Theory of Liability That Is Not Dependent Upon an ADA Violation. ................................................................................ 6

         c.  Recent Case Authority from the Court Indicates that the Court Should Not Evaluate the Merits of Plaintiffs' Non-ADA Theory Under the Unruh Act. ................................................ 8

         d.  Judges in the Central District of California Have Consistently Remanded Analogous Unruh Act Claims. ............................ 9

         e.  The Ninth Circuit's Published Decision in *Wander v. Kaus* Supports the Remanding of This Action. ............................. 12

      4.  The Court's Recent Decision in *Thurston v. Spectrum Wine Auctions, LLC* Is Directly on Point. ................................................................. 13

      5.  The Court's Recent Decision in *Licea v. Makeup Eraser LLC* Is Directly on Point. ......................................................................... 14

IV.  CONCLUSION ......................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Antonio v. Central Florida Inv., Inc.*,
  No. 8:16-cv-1032-JLS-KESx, 2016 WL 4267941 (C.D. Cal. Aug. 11,
  2016) (Staton, J.) ........................................................................................... 3

*Armstrong v. Northern Mariana Islands*,
  576 F.3d 950 (9th Cir. 2009) ....................................................................... 13

*California Shock Trauma Air Rescue v. State Compen. Ins. Fund*,
  636 F.3d 538 (9th Cir. 2011) ......................................................................... 5

*Duncan v. Stuetzle*,
  76 F.3d 1480 (9th Cir. 1996) ......................................................................... 3

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) (per curiam) .................................................... 3

*Gunn v. Minton*,
  568 U.S. 251 (2013) ....................................................................................... 3

*Hunter v. Philip Morris USA*,
  582 F.3d 1039 (9th Cir. 2009) ....................................................................... 3

*Jackson v. Yoshinoya America Inc.*,
  No. 12-cv-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar.
  7, 2013) (Morrow, J.) ........................................................................ 5, 11, 12

*Kokkonen v. Guardian Life Ins. Co. of America*,
  511 U.S. 375 (1994) ....................................................................................... 3

*Lentini v. Cal. Ctr. for the Arts, Escondido*,
  370 F.3d 837 (9th Cir. 2004) ......................................................................... 6

*Libhart v. Santa Monica Dairy Co.*,
  592 F.2d 1062 (9th Cir. 1979) .................................................................... 3, 7

*Licea v. J&P Park Acquisitions, Inc.*,
  No. CV 19-68-R, 2019 WL 1296876 (C.D. Cal. Mar. 20, 2019) (Real,
  J.) ................................................................................................................... 9

*Licea v. Makeup Eraser LLC*,
No. 5:19-cv-00432-PSG-SHK, Dkt. No. 15 (C.D. Cal. Apr. 22, 2019)
(Gutierrez, J.) ...................................................................................... 14

*Licea v. Reebok Int'l Ltd.*,
2019 WL 4014431 (C.D. Cal. Aug. 23, 2019) (Hatter, J.) ...........................9

*Martinez v. Adidas America*,
No. 5:19-cv-00841-JGB-KK, 2019 WL 3002864 (C.D. Cal. July 9,
2019) (Bernal, J.) ........................................................................5, 7, 8, 9

*Martinez v. Greatcollections.com, LLC*,
No. 8:19-cv-01647-JLS-KES, 2019 WL 4742299 (C.D. Cal. Sept. 27,
2019) (Staton, J.) .......................................................................... 1, 8, 9

*Martinez v. Matrix Health Prods.*,
2019 WL 2242074 (C.D. Cal. May 24, 2019) (Carter, J.)......................5, 12

*Martinez v. Pioneer Electronics (USA) Inc.*,
2020 WL 1846791 (C.D. Cal. Mar. 16, 2020) (Gutierrez, J.) .................4, 5

*Martinez v. Seacoast Commerce Bank*,
No. 18cv2591-L(BLM), slip op. (S.D. Cal. Nov. 15, 2018) (Lorenz, J.)........... 11, 12

*Mejico v. Minneapolis Rag Stock Co.*,
No. CV 19-9399 FMO, 2019 WL 6169918 (C.D. Cal. Nov. 19, 2019)
(Olguin, J.) ...............................................................................................9

*Merrell Dow Pharmaceuticals Inc. v. Thompson*,
478 U.S. 804, 106 S. Ct. 3229, 92 L.Ed.2d 650 (1986).........................4, 5

*Organization for the Advancement of Minorities v. Brick Oven Rest.*,
406 F. Supp. 2d 1120 (S.D. Cal. 2005).......................................................6

*Rains v. Criterion Systems, Inc.*,
80 F.3d 339 (9th Cir. 1996) ...................................................................4, 5

*Rendon v. Bracketron, Inc.*,
No. 2:19-cv-08896-ODW, 2020 WL 65075 (C.D. Cal. Jan. 7, 2020)
(Wright, J.) ...........................................................................................7, 8, 9

*Rios v. CWGS Enterprises, LLC*,
No. CV 17-03614 RSWL-AFMx, 2017 WL 3449052, at *3 (C.D. Cal.
Aug. 11, 2017) (Lew, J.) .........................................................................5, 10

*Rios v. Friendly Hills Bank*,
    No. CV 17-04582 BRO (JPR), 2017 WL 3530348 (C.D. Cal. Aug. 16,
    2017) (O'Connell, J.) ..................................................................................... 10

*Rios v. New York and Co., Inc.*,
    No. 2:17-cv-04676-ODW(AGRx), 2017 WL 3575220 (C.D. Cal. Aug.
    17, 2017) (Wright, J.) .................................................................................... 10

*Schutza v. McDonald's Corp.*,
    133 F. Supp. 3d 1241 (S.D. Cal. 2015) ........................................................... 6

*Stevens v. Optimum Health Institute--San Diego*,
    810 F. Supp. 2d 1074 (S.D. Cal. 2011) ......................................................... 13

*Thurston v. Chino Commercial Bank*,
    No. CV 17-01078 BRO, 2017 WL 3224681 (C.D. Cal. July 27, 2017)
    (O'Connell, J.) .......................................................................................... 5, 10

*Thurston v. ClearPath Lending, Inc.*,
    No. SACV-18-2094-JVS(JDEx), 2019 WL 366405 (C.D. Cal. Jan. 28,
    2019) (Selna, J.) ................................................................................... 8, 9, 10

*Thurston v. The Container Store, Inc.*,
    No. 5:16-cv-02658-SVW-DTB, 2017 WL 658806 (C.D. Cal. Feb. 16,
    2017) (Wilson, J.) ......................................................................................... 11

*Thurston v. Omni Hotels Management Corp.*,
    No. 5:16-cv-02596-TJH-KK, slip op. (C.D. Cal., May 19, 2017)
    (Hatter, J.) ............................................................................................. 10, 11

*Thurston v. Spectrum Wine Auctions, LLC*,
    No. 8:19-cv-01740-JLS-DFM, 2019 WL 6622844 (C.D. Cal. Dec. 4,
    2019) (Staton, J.) ................................................................................. 9, 13, 14

*Thurston v. Toys R Us, Inc.*,
    No. 5:16−cv−02672−JAK-AGR [Dkt. 14] (C.D. Cal. Feb. 23, 2017)
    (Kronstadt, J.) .............................................................................................. 11

*Wander v. Kaus*,
    304 F.3d 856 (9th Cir. 2002) ............................................................. 4, 12, 13

*Zavala v. Wells Fargo Bank N.A.*,
   No. SACV 15-842-JLS, 2015 WL 3745041 (C.D. Cal. June 12, 2015)
   (Staton, J.) ............................................................................................................. 3

**State Cases**

*Munson v. Del Taco, Inc.*,
   46 Cal. 4th 661 (2009) ......................................................................................... 6

*Ruiz v. Musclewood Inv. Props., LLC*,
   28 Cal. App. 5th 15 (2018) .................................................................................. 8

**Federal Statutes**

42 U.S.C.
   § 12181 *et seq.* ................................................................................................. 1, 4
   § 12188 ................................................................................................................ 10
   § 12201(b) ........................................................................................................... 13
   ADA ........................................................................................................... *passim*
   Title III of the ADA ...................................................................................... 2, 4, 13

**State Statutes**

Civil Code
   § 51 .................................................................................................................... 6, 9
   § 51 *et seq.* ..................................................................................................... 1, 4
   § 51(b) .......................................................................................................... 2, 6, 11
   § 51(f) ....................................................................................................... *passim*
   § 52 .................................................................................................................... 4, 6
   Unruh Act ................................................................................................. *passim*
   Disabled Persons Act ........................................................................................ 13

**Federal Rules**

Local Rule 7-3 ............................................................................................................ 3

**Other Authorities**

Rutter Group, *Federal Civil Procedure Before Trial* ¶ 2:2503 (2020) ...................... 3, 7

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.     INTRODUCTION**

Plaintiffs Abelardo Martinez, Jr. and Dominick Martin ("Plaintiffs") filed this action in the Superior Court of California for the County of Los Angeles alleging one cause of action against Defendant Perrigo Company PLC ("Defendant") arising under California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51 *et seq*. (Notice of Removal Ex. A; Dkt. No. 1-1, Page ID #5-#15.)  Plaintiffs sought therein statutory damages and injunctive relief exclusively pursuant to the Unruh Act, while simultaneously acknowledging that Defendant's wrongful conduct likewise constitutes a violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq*., pursuant to Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-336) shall also constitute a violation of this section").  (Dkt. 1-1, Compl. ¶¶ 3, 27.)  Plaintiffs did not, however, allege a cause of action directly under the ADA itself, nor did they seek any relief pursuant thereto.

Despite Plaintiffs' cause of action and prayer for relief sounding solely in California law, the Unruh Act, Defendant still removed this action contending that, because Plaintiffs acknowledges that a violation of the ADA is likewise a violation of the Unruh Act, this Court has original jurisdiction over the action.  Defendant's analysis, however, conflicts with the Court's recent ruling in *Martinez v. Greatcollections.com, LLC*, No. 8:19-cv-01647-JLS-KES, 2019 WL 4742299, at *1-*2 (C.D. Cal. Sept. 27, 2019) (Staton, J.), whereby a similar state court action alleging a single cause of action under the Unruh Act was remanded back to state court for lack of federal question jurisdiction.

For the reasons further discussed herein, Defendant improperly removed this action.  Accordingly, this matter should be properly remanded to the Superior Court of California.

## II. PROCEDURAL HISTORY

On July 23, 2020, Plaintiffs filed a complaint in the Superior Court of California for the County of Los Angeles alleging only one cause of action against Defendant for its violation of the Unruh Act based on Defendant's failure to maintain its websites, www.perrigo.com and www.clindesse.com (collectively, the "Websites"), in a fully and equally accessible manner for visually impaired individuals like Plaintiffs. Specifically, Plaintiffs alleged that because of the numerous accessibility barriers on Defendant's website, including but not limited to empty or missing form labels, empty links, broken ARIA references, and empty headings, Plaintiffs have been and continue to be prevented from fully and equally accessing and using Defendant's website. (Notice of Removal Ex. A; Compl. ¶¶ 4, 18-20; Dkt. 1-1.)

Plaintiffs did not include any federal causes of action under Title III of the ADA. Instead, Plaintiffs alleged that Defendant violated section 51(b) of California's Civil Code by engaging in intentional discrimination in violation of the Unruh Act based on its willful failure to provide equal access for people with disabilities to the accommodations, advantages, privileges, and services of its business establishment, the Websites, despite being notified of such communication barriers. (Compl. ¶¶ 25-26.) Plaintiffs likewise acknowledged that "Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act," and that Defendant's conduct likewise violated the ADA. (Compl. ¶¶ 3, 27.) Although Plaintiffs acknowledged a violation of the ADA likewise constitutes a violation of the Unruh Act, Plaintiffs did *not* allege a cause of action under the ADA, nor seek *any* relief pursuant to the ADA.

On September 22, 2020, Defendant filed the Notice of Removal in the instant action, and relied solely upon federal question jurisdiction as the basis for removal. (Notice of Removal at 2:19-28; Dkt. 1.)

On September 23, 2020, the parties conducted their pre-filing conference of counsel prior to Plaintiffs filing their contemplated motion to remand pursuant to Local Rule 7-3.

## III.   ARGUMENT

### A.   Applicable Law

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "Courts 'strictly construe the removal statute against removal jurisdiction,' and 'the defendant *always* has the burden of establishing that removal is proper.'" *Antonio v. Central Florida Inv., Inc.*, No. 8:16-cv-1032-JLS-KESx, 2016 WL 4267941, at *2 (C.D. Cal. Aug. 11, 2016) (Staton, J.) (emphasis added) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "[T]here is a '*strong presumption*' against removal jurisdiction," *Zavala v. Wells Fargo Bank N.A.*, No. SACV 15-842-JLS (ASx), 2015 WL 3745041, at *2 (C.D. Cal. June 12, 2015) (Staton, J.) (quoting *Gaus*, 980 F.2d at 566) (emphasis added), which means that "the court resolves *all* ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (emphasis added). "[F]ederal jurisdiction 'must be rejected if there is *any doubt* as to the right of removal in the first instance.'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (emphasis added) (quoting *Gaus*, 980 F.2d at 566) (citation omitted)).

This Court is required by binding Ninth Circuit precedent to evaluate the propriety of the removal of the action merely by reviewing Plaintiffs' *Complaint* as it existed at the time of removal. *See* The Rutter Group, *Federal Civil Procedure Before Trial* ¶ 2:2503 (2020) ("Rutter Group") ("Removal jurisdiction based on a federal question is determined *from the complaint* as it existed at the time of removal.") (emphasis added) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)).

### B.   Defendant Has Failed to Meet Its Burden of Establishing that Removal Was Proper.

1    Defendant has failed to satisfy its burden of establishing that removal was proper.

2    Federal question jurisdiction only exists where "1) federal law creates the cause of action;

3    2) under the artful pleading doctrine, the plaintiff's state law claims should be

4    recharacterized as federal claims; or 3) one or more of the state law claims necessarily

5    turns on the construction of a substantial, disputed federal question." *Rains v. Criterion*

6    *Systems, Inc.*, 80 F.3d 339, 343 (9th Cir. 1996) (citing *Merrell Dow Pharmaceuticals Inc.*

7    *v. Thompson*, 478 U.S. 804, 807-10, 106 S. Ct. 3229, 92 L.Ed.2d 650 (1986)).

8    ### 1.    The Complaint Does Not Allege an ADA Cause of Action.

9    It is beyond dispute that the Complaint does not allege a claim for relief under the

10   Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq*.  (Compl.

11   ¶¶ 23-30; Dkt. 1-1.)  Defendant does not, and indeed cannot, dispute that Plaintiffs did

12   not plead *any* federal causes of action.  Rather, the Complaint solely seeks relief pursuant

13   to California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51 *et seq*.

14   (Compl. ¶¶ 23-30.)  The Complaint seeks statutory minimum damages pursuant to section

15   52 of the California Civil Code.  (Compl. ¶ 30.)  "Damages are not recoverable under

16   Title III of the ADA—only injunctive relief is available for violations of Title III."

17   *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).

18   Although the ADA is referenced in paragraph 27 of the Complaint, "the actual

19   [only] cause[] of action[] stated in the [C]omplaint [entirely] sound[s] in state law."

20   *Rains*, 80 F.3d at 343.  "It is state, not federal, law that creates the cause of action for [the

21   Unruh Act]."  *Id.*  "The direct . . . reference[] to [the ADA] in the[ sole] state law cause[]

22   of action do[es] not make th[at] claim[] into [a] federal cause[] of action.  Rather, the

23   [C]omplaint merely incorporates [the ADA] as one of several" methods by which to prove

24   a violation of the Unruh Act.  *Rains*, 80 F.3d at 344; Cal. Civ. Code § 51(f) ("A violation

25   of the right of any individual under the federal Americans with Disabilities Act of 1990

26   (P.L. 101-336) shall also constitute a violation of this section").

27   Numerous judges within the Central District of California agree.  *See, e.g.*,

28   *Martinez v. Pioneer Electronics (USA) Inc.*, 2020 WL 1846791, at *1 (C.D. Cal. Mar.

16, 2020) (Gutierrez, J.); *Martinez v. Adidas America*, No. 5:19-cv-00841-JGB-KK, 2019 WL 3002864, at *3 (C.D. Cal. July 9, 2019) (Bernal, J.); *Martinez v. Matrix Health Prods.*, 2019 WL 2242074, at *3 (C.D. Cal. May 24, 2019) (Carter, J.); *Rios v. CWGS Enterprises, LLC*, No. CV 17-03614 RSWL-AFMx, 2017 WL 3449052, at *3 (C.D. Cal. Aug. 11, 2017) (Lew, J.).

### 2.   The Artful Pleading Doctrine Does Not Apply.

Defendant has failed to show that the artful pleading doctrine applies to Plaintiffs' Complaint.  Plaintiffs' Unruh Act claim should not be recharacterized as a federal claim. Numerous judges within the Central District of California agree.  *See, e.g.*, *Adidas America*, 2019 WL 3002864, at *3; *CWGS Enterprises, LLC*, 2017 WL 3449052, at *4; *Thurston v. Chino Commercial Bank*, No. CV 17-01078 BRO (JCx), 2017 WL 3224681, at *4 (C.D. Cal. July 27, 2017) (O'Connell, J.).

### 3.   Plaintiffs' Unruh Act Claim Does Not Necessarily Turn on the Construction of a Substantial, Disputed Federal Question.

"While federal question jurisdiction may be present if the vindication of a state law 'necessarily turn[s] on some construction of federal law,'" *Jackson v. Yoshinoya America Inc.*, No. 12-cv-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) (Morrow, J.) (quoting *Merrell Dow*, 478 U.S. at 809), "the federal question must be a *necessary* element of the state law claim before federal jurisdiction exists."  *Yoshinoya*, 2013 WL 865596, at *2 (emphasis in original) (citing *Merrell Dow*, 478 U.S. at 812).

"When a claim can be supported by alternative and independent theories-one of which is a state law theory and one of which is a federal law theory-federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains*, 80 F.3d at 346.  "Under the well-pleaded complaint rule, we must determine whether 'a right or immunity created by the Constitution or laws of the United States must be an element, ***and an essential one***, of the plaintiff's cause of action.'"  *California Shock Trauma Air Rescue v. State Compen. Ins. Fund*, 636 F.3d 538, 541 (9th Cir. 2011) (emphasis added).

1
2

        **a.**      **The Unruh Act Provides Two Separate and Distinct Methods of Establishing an Unruh Act Violation.**

3
4
5
6
7
8

The Unruh Act provides in part that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their ... disability ... are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  The Unruh Act also provides that a violation of the federal ADA constitutes a violation of § 51 of the Unruh Act.  Cal. Civ. Code § 51(f).

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

As a general matter, a claim under the Unruh Act requires a plaintiff to allege an intentional act or omission on behalf of defendant.  *See Organization for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1129 (S.D. Cal. 2005).  Thus, "[a] violation of the Unruh Act may be maintained independent of an ADA claim where a plaintiff pleads 'intentional discrimination in public accommodations in violation of the terms of the [Unruh] Act.' " *Schutza v. McDonald's Corp.*, 133 F. Supp. 3d 1241, 1247 (S.D. Cal. 2015) (citations omitted).  However, a showing of intentional discrimination is not required where a plaintiff brings an Unruh Act claim on the grounds that a defendant has violated the ADA.  *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 665 (2009) ("A plaintiff who establishes a violation of the ADA, therefore, need not prove intentional discrimination in order to obtain damages under section 52 . . . ."); *see also Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004) ("[N]o showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation."); *id.* at 846 ("[A] plaintiff need not show intentional discrimination in order to make out a violation of the ADA.").

24
25
26

        **b.**      **The Complaint Alleges a Plausible Intentional Discrimination Theory of Liability That Is Not Dependent Upon an ADA Violation.**

27
28

Defendant seems to assume (incorrectly) that Plaintiffs premise their claim exclusively under the ADA.  It is beyond dispute that Defendant filed a Notice of

Removal that is solely premised upon federal question jurisdiction. (Notice of Removal at 1:19-28; Dkt. 1.) As such, this Court is required by binding Ninth Circuit precedent to evaluate the propriety of the removal of the action merely by reviewing Plaintiffs' ***Complaint*** as it existed at the time of removal. *See* Rutter Group, *supra*, ¶ 2:2503 (2020) ("Removal jurisdiction based on a federal question is determined ***from the complaint*** as it existed at the time of removal.") (emphasis added) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979)); *Rendon v. Bracketron, Inc.*, No. 2:19-cv-08896-ODW (JEMx), 2020 WL 65075, at *2 (C.D. Cal. Jan. 7, 2020) (Wright, J.) (citing *Libhart*).

Plaintiffs' Complaint alleges violations of the Unruh Act under two separate and distinct legal theories. First, the Complaint alleges that Defendant has violated the Unruh Act by violating the ADA, which is expressly mentioned as a basis for establishing an Unruh Act violation. (Compl. ¶ 27; Cal. Civ. Code § 51(f).) That is, a violation of the ADA is necessarily a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

Second, the Complaint alleges that Defendant has engaged in ***intentional*** discrimination against her as set forth in paragraph 24:

> "Defendant's actions constitute ***intentional discrimination*** against Plaintiffs on the basis of a disability in violation of the Unruh Civil Rights Act because Defendant has constructed a Website that are inaccessible to Plaintiffs, knowingly maintains the Website in this inaccessible form, and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause."

(Compl. ¶ 26) (emphasis added). As such, Defendant's failure and refusal to ensure equal accessibility as required by the Unruh Act despite Plaintiffs explicitly advising it of such constitutes intentional discrimination. Notably, the Court recently held in two different actions that similar allegations pled in similar Unruh Act cases plausibly pled intentional discrimination that was actionable under the Unruh Act. *Adidas America*, 2019 WL

3002864, at \*4; *Thurston v. ClearPath Lending, Inc.*, No. SACV-18-2094-JVS(JDEx), 2019 WL 366405, at \*2-\*3 (C.D. Cal. Jan. 28, 2019) (Selna, J.).

Finally, the California Court of Appeal decision in *Ruiz v. Musclewood Inv. Props., LLC,* 28 Cal. App. 5th 15, 22 (2018), provides significant guidance with respect to the drawing of an inference of discriminatory intent under California law based on lack of corrective action after notification of discriminatory conduct. *Ruiz*, 28 Cal. App. 5th at 22. As a published California appellate decision, this Court is bound to follow *Ruiz* in its interpretation of California law. Thus, the foregoing unequivocally demonstrates that Plaintiffs are seeking to establish a violation of the Unruh Act that is separate and apart from a violation of the ADA. Under these circumstances, the question of federal law is simply not a "necessary" element of the state law Unruh Act claim pled by Plaintiffs. Defendant's implicit argument to the contrary is simply wrong.

### c.   Recent Case Authority from the Court Indicates that the Court Should Not Evaluate the Merits of Plaintiffs' Non-ADA Theory Under the Unruh Act.

Recent case authority from the Court indicates that this Court should not evaluate the merits of Plaintiffs' Unruh Act claim in deciding whether the Complaint gives rise to federal question jurisdiction. In *Martinez v. Greatcollections.com, LLC*, No. 8:19-cv-01647-JLS-KES, 2019 WL 4742299 (C.D. Cal. Sept. 27, 2019) (Staton, J.), the Court held that in regards to the viability of the plaintiff's non-ADA theory under the Unruh Act, it could not "consider the merits of a claim for which it has not otherwise established jurisdiction". *Id.* at \*2. Similarly, in *Rendon v. Bracketron, Inc.*, *supra*, the Court held that "the federal law theory is not a necessary element of the Unruh claim and federal question jurisdiction does not attach." *Bracketron*, 2020 WL 65075, at \*2. In so doing, the Court explained that "the merits of [plaintiff's] Unruh claim are not presently before the Court; rather, the Court considers only whether [plaintiff's] Complaint gives rise to federal question jurisdiction. It does not. As such, the Court must remand." *Id. Greatcollections.com* and *Bracketron* are directly on point.

### d. Judges in the Central District of California Have Consistently Remanded Analogous Unruh Act Claims.

Numerous judges in the Central District of California have consistently remanded analogous Unruh Act claims in which an ADA violation was noted as being just one of the multiple ways in which the complaint pled an Unruh Act claim. *See, e.g.*, *Rendon v. Bracketron, Inc.*, No. 2:19-cv-08896-ODW (JEMx), 2020 WL 65075, at *2 (C.D. Cal. Jan. 7, 2020) (Wright, J.); *Thurston v. Spectrum Wine Auctions, LLC*, No. 8:19-cv-01740-JLS-DFM, 2019 WL 6622844, at *1 (C.D. Cal. Dec. 4, 2019) (Staton, J.) ("as it is clear from the face of the Complaint that its Unruh Act cause of action involves no *necessary* federal questions, remand is appropriate") (emphasis in original); *Mejico v. Minneapolis Rag Stock Co.*, No. CV 19-9399 FMO (MRWx), 2019 WL 6169918, at *2 (C.D. Cal. Nov. 19, 2019) (Olguin, J.) ("the fact that plaintiff relies in part on ADA violations as the basis for her state claim is insufficient to confer federal question jurisdiction") (internal citations omitted); *Martinez v. Greatcollections.com, LLC*, No. 8:19-cv-01647-JLS-KES, 2019 WL 4742299, at *1-*2 (C.D. Cal. Sept. 27, 2019) (Staton, J.); *Licea v. Reebok Int'l Ltd.*, 2019 WL 4014431, at *1 (C.D. Cal. Aug. 23, 2019) (Hatter, J.); *Martinez v. Adidas America*, No. 5:19-cv-00841-JGB-KK, 2019 WL 3002864, at *4-*5 (C.D. Cal. July 9, 2019) (Bernal, J.) (citing and agreeing with other courts in the Central District of California, which found no federal jurisdiction because the plaintiffs adequately alleged a "non-ADA theory of UCRA violation"); *Licea v. J&P Park Acquisitions, Inc*., No. CV 19-68-R, 2019 WL 1296876, at *1 (C.D. Cal. Mar. 20, 2019) (Real, J.) ("The UCRA may be violated in a number of ways, with an ADA violation being just one possibility. *See* Cal. Civ. Code § 51. Whether Plaintiffs have a viable claim under the UCRA is a question for the state court and has no bearing on the issue of federal jurisdiction."); *Thurston v. ClearPath Lending, Inc.*, No. SACV-18-2094-JVS(JDEx), 2019 WL 366405, at *3 (C.D. Cal. Jan. 28, 2019) (Selna, J.) ("Plaintiff has sufficiently pled facts, taken as true, that render her claims plausible. The ultimate question of whether Defendant, in fact, intentionally discriminated against Plaintiff will be fleshed out later in the case, through

- 9 -

discovery and trial. Given the applicable pleading standard, and the sufficient language in Plaintiff's complaint, the Court finds that there are at least two theories under which Defendant could be held liable for violating the Unruh Act. Thus, the ADA issue is not "necessary element" to Plaintiffs cause of action."); *Rios v. New York and Co., Inc.*, No. 2:17-cv-04676-ODW(AGRx), 2017 WL 3575220, at *1 (C.D. Cal. Aug. 17, 2017) (Wright, J.) ("Plaintiff argues that his partial reliance on the federal Americans with Disabilities Act ("ADA") in stating his claim under the Unruh Act does not create a federal question. *See* 42 U.S.C. § 12188. The Court agrees."); *Rios v. Friendly Hills Bank*, No. CV 17-04582 BRO (JPR), 2017 WL 3530348, at *5 (C.D. Cal. Aug. 16, 2017) (O'Connell, J.) ("Because the Court does not have to address the merits of the ADA violation for Plaintiff to succeed on its Unruh Act claims, the Court finds that Plaintiff's claims do not 'necessarily raise' a federal question."); *Rios v. CWGS Enterprises, LLC*, No. CV 17-03614 RSWL-AFMx, 2017 WL 3449052, at *6 (C.D. Cal. Aug. 11, 2017) (Lew, J.) ("Defendant has not shown that Plaintiff's cause of action necessarily requires answering a federal question, or that Plaintiff's claims for relief are solely based on the ADA to satisfy the necessity requirement. Plaintiff has alleged that Defendant's conduct constitutes a violation of the ADA as well as California's Unruh Civil Rights Act. However, on its own, that is not sufficient for this Court to conclude that determining whether there is a violation of the ADA is a necessary question to support a finding that there is federal question jurisdiction.") (internal citation omitted); *Thurston v. Chino Commercial Bank*, No. CV 17-01078 BRO (JCx), 2017 WL 3224681, at *5 (C.D. Cal. July 27, 2017) (O'Connell, J.) ("Plaintiff alleges violations of the Unruh Act on two theories, only one of which involves a violation of the ADA. Because the Court does not have to address the merits of the ADA violation for Plaintiff to succeed on its Unruh Act claims, the Court finds that Plaintiff's claims do not 'necessarily raise' a federal question."); *Thurston v. Omni Hotels Management Corp.,* No. 5:16-cv-02596-TJH-KK, slip op. at 2:16-19 [Dkt. 15] (C.D. Cal., May 19, 2017) (Hatter, J.) ("The Unruh Act may be violated in a number of ways, with an ADA violation being just one of those ways.

Thus, the Unruh Act's incorporation of the ADA is insufficiently substantial to make the ADA a necessary element.") (internal citation omitted); *Thurston v. Toys R Us, Inc.*, No. 5:16−cv−02672−JAK-AGR, slip op. at pg. 4 of 5 [Dkt. 14] (C.D. Cal. Feb. 23, 2017) (Kronstadt, J.) ("A review of these allegations and a construction of the Unruh Act, shows that the Complaint seeks relief under two separate theories: (i) Defendant violated Cal. Civ. Code § 51(b), which provides that all persons within the jurisdiction of California are 'entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever," and (ii) Defendant violated Cal. Civ. Code § 51(f), which provides that an ADA violation is also a violation of the Unruh Act.  There is no showing or suggestion that the relief Plaintiff has requested is unavailable under California law.  Thus, the present claim is not based *solely* on the ADA.  'When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim.'") (emphasis in original); *Thurston v. The Container Store, Inc.*, No. 5:16-cv-02658-SVW-DTB, 2017 WL 658806, at *3 (C.D. Cal. Feb. 16, 2017) (Wilson, J.) (noting that "the ADA violation is only one of two theories of liability presented by the Plaintiff" and noting the plaintiff's contention that "Defendant's conduct constitutes a violation of the Unruh Act independent of the ADA violation"); *Jackson v. Yoshinoya America Inc.*, No. 12-cv-08518 MMM EX, 2013 WL 865596, at *3 (C.D. Cal. Mar. 7, 2013) (Morrow, J.) ("While the violations described in the complaint may also be ADA violations-and proving an ADA violation would suffice to obtain relief under California disability law-such violations are not a necessary part of [plaintiff's] claim.").

Similarly, other federal district court decisions in other federal district courts in California remanding similar website accessibility claims arising under the Unruh Act are noteworthy.  *See Martinez v. Seacoast Commerce Bank*, No. 18cv2591-L(BLM), slip op. at 2:26-3:1 [Dkt. 2] (S.D. Cal. Nov. 15, 2018) (Lorenz, J.) ("Where, as here, a state law claim incorporates a federal standard as an element of one of alternative theories of

liability, the federal issue is not *necessarily* raised, and the claim does not 'arise under' federal law.").

The foregoing cases are directly on point and indistinguishable both legally and factually from the instant action.  Indeed, Defendant's counsel is the same counsel in many of the foregoing cases.

Similarly, in *Martinez v. Matrix Health Prods.*, 2019 WL 2242074, at *3 (C.D. Cal. May 24, 2019) (Carter, J.), the Court remanded a nearly identical complaint asserting a single Unruh Act claim as follows:

> "Plaintiffs' cause of action and prayer for relief do not present an essential question of federal law.  Defendant does not, and indeed cannot, dispute that Plaintiffs did not plead any federal causes of action.  It is true, as Plaintiffs acknowledge in their Complaint, that a violation of the ADA is necessarily a violation of the Unruh Act. Cal. Civ. Code, § 51(f).  But '[c]ourts have consistently held that the fact that state law incorporates the ADA as an element of a state law cause of action does not confer federal jurisdiction to hear the state claims.' *See Jackson v. Yoshinoya America Inc.*, Case No. 12-cv-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) (citing *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim")).  Plaintiffs' complaint does not 'implicate significant federal issues.'"

*Matrix Health Prods.*, 2019 WL 2242074, at *3.  *Matrix Health Prods.* is directly on point and indistinguishable both legally and factually from the instant action.  Indeed, defense counsel in both cases are the same.

### e.    The Ninth Circuit's Published Decision in *Wander v. Kaus* Supports the Remanding of This Action.

The Ninth Circuit's holding in *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim"), supports the remanding of

the instant action.  Moreover, *Wander* is significant, in part, because it indicated that courts should examine congressional intent to determine removal questions.  *Id.* at 858-59 ("[C]ourts should approach the issue of federal question jurisdiction as one requiring sensitive judgments about congressional intent, judicial power, and the federal question. ... Accordingly, when determining the propriety of federal question jurisdiction, courts look both to congressional intent and the nature of the federal interest at stake.") (internal quotation marks and citation omitted), *cited in Armstrong v. Northern Mariana Islands*, 576 F.3d 950, 955 n.6 (9th Cir. 2009); *id.* at 955 ("Armstrong…presents us with no authority for her argument that under a mirror code system, it is federal law, not local law, that is in force, or that claims arising under such a system necessarily raise federal questions.").

Congress intended states to continue to play an active role in protecting the rights of disabled persons.  42 U.S.C. § 12201(b) ("Nothing in this chapter shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law or law of any State or political subdivision of any State or jurisdiction that provides greater or equal protection for the rights of individuals with disabilities than are afforded by this chapter."); *Stevens v. Optimum Health Institute--San Diego*, 810 F. Supp. 2d 1074, 1098 (S.D. Cal. 2011) ("The Court finds that it was the intent of the U.S. Congress that the ADA not preempt more expansive state laws such as the Unruh Act and the Disabled Persons Act.").  And, the Ninth Circuit addressed Congress's intent by noting in *Wander*, "Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA.  To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress."  *Wander*, 304 F.3d at 857.

### 4. The Court's Recent Decision in *Thurston v. Spectrum Wine Auctions, LLC* Is Directly on Point.

Plaintiffs' strategic avoidance of federal jurisdiction is entirely permissible. "[T]he Court sees no issue with Plaintiff strategically avoiding federal jurisdiction where she is otherwise entitled to do so."  *Thurston v. Spectrum Wine Auctions, LLC*, No. 8:19-

- 13 -

cv-01740-JLS-DFM, 2019 WL 6622844, at *1 (C.D. Cal. Dec. 4, 2019) (Staton, J.) (citation omitted).

     **5.    The Court's Recent Decision in *Licea v. Makeup Eraser LLC* Is Directly on Point.**

The Court's recent decision in *Licea v. Makeup Eraser LLC*, No. 5:19-cv-00432-PSG-SHK, Dkt. No. 15 (C.D. Cal. Apr. 22, 2019) (Gutierrez, J.), is directly on point. Although the defendant therein removed an action alleging only a single Unruh Act claim based on diversity jurisdiction, the Court not only rejected the defendant's assertion of diversity jurisdiction, but also held that "it is clear from the face of the complaint that there is no federal jurisdiction." *Id.* at 1-2. *Licea* is directly on point insofar as the complaint therein is indistinguishable from the complaint at issue in the instant action with respect to pleading an Unruh Act claim predicated upon multiple theories of liability.

## IV.  CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Court grant this Motion, and grant such further and other relief as the Court deems appropriate.

Dated:  October 22, 2020           PACIFIC TRIAL ATTORNEYS, P.C.


                       By: */s/ Scott J. Ferrell*
                       Scott J. Ferrell
                       Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2020, I electronically filed the foregoing **NOTICE OF MOTION AND PLAINTIFFS' MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

_/s/ Scott J. Ferrell_____
Scott J. Ferrell