SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130

Attorneys for Defendant,
PERRIGO COMPANY PLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ABELARDO MARTINEZ, JR., an individual, and DOMINICK MARTIN, an individual,<br><br>              Plaintiffs,<br><br>      v.<br><br>PERRIGO COMPANY PLC,, an Ireland company; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No. 2:20-cv-08705 GW (AFMx)<br>Hon. George H. Wu<br><br>**OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Hearing Date:  November 30, 2020<br>Hearing Time: 8:30 a.m.<br>Courtroom:       9D<br><br>Action Filed:  July 23, 2020<br>Trial Date:     None Set |

SMRH:4828-8727-2913.1

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................ 1

II.    FACTUAL BACKGROUND .......................................................... 1

    A.    Plaintiffs' Allegations. ........................................................ 1

    B.    Procedural History ............................................................. 2

    C.    The *Thurston v. Omni* Template. ...................................... 3

III.   PLAINTIFFS' CAUSE OF ACTION PRESENTS A FEDERAL QUESTION ............................................................................. 5

    A.    The Interplay Between the ADA and the Unruh Act ............. 5

    B.    Where a Plaintiffs' Claim For Injunctive Relief Under the ADA is Identical To Their Claim For Injunctive Relief Under State-Law, This Court Has Original Jurisdiction Over The Claim. ............ 6

    C.    Congress Intended for Federal Courts, Not State Courts, Determine the Scope and Enforcement of the ADA ............ 9

    D.    Plaintiffs Premise Their Claim Exclusively Under the ADA. ............. 14

IV.   CONCLUSION ......................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Access Now, Inc. v. Southwest Airlines, Co.*
227 F. Supp. 2d 1312 (S.D. Fla. 2002), aff'd, 385 F.3d 1324 (11th
Cir. 2004) ...................................................................................................... 13

*Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*
986 F.2d 476 (Fed.Cir.1993) ......................................................................... 15

*Anderson v. Macy's, Inc.*
2012 WL 3155717 (W.D. Pa. Aug. 2, 2012)................................................. 13

*Belton v. Comcast Cable Holdings, LLC*
151 Cal.App.4th 1224 (2007) ....................................................................... 17

*Carparts Distrib. Ctr., Inc. v. Auto. Wholesaler's Ass'n of New England, Inc.*
37 F.3d 12 (1st Cir. 1994) ............................................................................. 10

*Carpenter v. WU*
2008 WL 4534279 (C.D. Cal. 2008) ............................................................... 9

*In re Carter*
618 F.2d 1093 (5th Cir.1980) ................................................................. 14, 15

*Caterpillar, Inc. v. Williams*
482 U.S. 386 (1987) ...................................................................................... 14

*Cullen v. Netflix, Inc.*
880 F. Supp. 2d 1017 (N.D. Cal. 2012), aff'd, 600 Fed. Appx. 508
(9th Cir. 2015) ........................................................................................ 12, 17

*Doe v. Mut. of Omaha Ins. Co.*
179 F.3d 557 (7th Cir. 1999) ........................................................................ 10

*Doran v. 7-Eleven, Inc.*
524 F.3d 1034 (9th Cir. 2008) ........................................................................ 5

*Earll v. eBay, Inc.*
2011 WL 3955485 (N.D. Cal. Sept. 7, 2011), aff'd 599 Fed. Appx.
695 (9th Cir. 2015) ....................................................................................... 17

-1-

*Earll v. eBay, Inc.*
 599 F.App'x 695 (9th Cir. 2015) .................................................................. 10, 13

*Federated Department Stores, Inc. v. Moitie*
 452 U.S. 394 (1981) ............................................................................................. 14

*Fontano v. Little Caesar Enterprises, Inc.*
 2010 WL 4607021 (C.D. Cal. Nov. 3, 2010) ................................................. 6, 7, 8

*Ford v. Schering-Plough Corp.*
 145 F.3d 601 (3d Cir. 1998) ................................................................................. 10

*Franchise Tax Board v. Construction Laborers Vacation Trust*
 463 U.S. 1 (1983) .......................................................................................... 6, 14

*Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc.*
 742 F.3d 414 (9th Cir. 2014) ................................................................................ 17

*Grynberg Prod. Corp. v. British Gas, p.l.c.*
 817 F.Supp. 1338 (E.D.Tex.1993) ....................................................................... 15

*Gunther v. Ralphs Grocery Company*
 2005 WL 3789616 (C.D. Cal. 2005) ................................................................... 8, 9

*Jackson v. Yoshinoya Am. Inc.*
 2013 WL 865596 (C.D. Cal. 2013) ........................................................................ 9

*Jancik v. Redbox Automated Retail, LLC*
 2014 WL 1920751 (C.D. Cal. May 14, 2014) ....................................................... 12

*Koebke v. Bernardo Heights Country Club*
 36 Cal.4th 824 (2005) .......................................................................................... 16

*Licea v. Reebok Int'l Ltd.*
 2019 WL 4014431 (C.D. Cal. 2019) ....................................................................... 9

*Louisville & Nashville R. Co. v. Mottley*
 211 U.S. 149 (1908) ............................................................................................. 14

*Magee v. Coca-Cola Refreshments USA, Inc.*
 833 F.3d 530 (5th Cir. 2016) ................................................................................ 10

*Martinez v. Adidas Am., Inc.*
 2019 WL 3002864 (C.D. Cal. 2019) ....................................................................... 9

-2-

*Martinez v. Kydia, Inc.*
  Riverside County Superior Court Case No. MCC1900691 ................................. 13

*Munson v. Del Taco, Inc.*
  46 Cal. 4th 661 (2009) ....................................................................................... 5

*Noah v. AOL Time Warner, Inc.*
  261 F. Supp. 2d 532 (E.D. Va. 2003) ................................................................ 12

*Olguin v. Inspiration Consol. Copper Co.*
  740 F.2d 1468 (9th Cir. 1984) ........................................................................... 14

*Ouellet v. Viacom*
  2011 WL 1882780 (D. Mont. Mar. 31, 2011) ..................................................... 12

*Parker v. Metro. Life Ins. Co.*
  121 F.3d 1006 (6th Cir. 1997) ........................................................................... 10

*Peoples v. Discover Fin'l Services, Inc.*
  2009 WL 3030217 (E.D. Pa. 2009), aff'd 387 Fed. Appx. 179 (3d
  Cir. 2010) ....................................................................................................... 12

*Pickern v. Best Western Timber Cove Lodge Marina Resort*
  194 F. Supp. 2d 1128 (E.D. Cal. 2002) ............................................................. 8

*Rios v. New York & Co., Inc.*
  2017 WL 3575220 (C.D. Cal. 2017) .................................................................. 9

*Robbins v. Reagan*
  780 F.2d 37 (D.C.Cir.1985) ............................................................................. 15

*Robles v. Domino's Pizza, LLC*
  913 F.3d 898 (9th Cir. 2019) ........................................................................... 10

*Scherbatskoy v. Halliburton Co.*
  125 F.3d 288 (5th Cir.1997) ............................................................................ 15

*Smith v. Kansas City Title & Trust Co.*
  255 U.S. 180 (1921) ................................................................................ 15, 16

*Thurston v. ClearPath Lending, Inc.*
  2019 WL 366405 (C.D. Cal. 2019) .................................................................... 9

*Thurston v. Container Store, Inc.*
  2017 658806 (C.D. Cal. 2017) ......................................................................... 9

Case No. 2:20-cv-08705 GW (AFMx)
OPPOSITION TO MOTION TO REMAND

*Thurston v. Fairfield Collectibles of Georgia, LLC*
    53 Cal. App. 5th 1231 (2020) ................................................................. 13

*Thurston v. FCA LLC*
    2018 WL 700939 (C.D. Cal. Jan. 26, 2018) .................................... 11, 13

*Thurston v. Omni Hotels Mgmt. Corp.*
    2017 WL 3034333 (C.D. Cal. 2017) ................................................ 3, 9

*U.S. Valves Inc. v. Dray*
    190 F.3d 811 (7th Cir.1999) ................................................................. 15

*Wander v. Kaus*
    304 F.3d 856 (9th Cir. 2002) ........................................... 1, 5, 6, 8, 9, 16

*Weyer v. Twentieth Century Fox Film Corp.*
    198 F.3d 1104 (9th Cir. 2000) ............................................................. 13

*Young v. Facebook, Inc.*
    790 F. Supp. 2d 1110 (N.D. Cal. 2011) ....................................... 11, 12, 17

*Zamora v. Wendy's Int'l., LLC*
    2020 WL 3469331 (N.D. Cal. June 25, 2020) ...................................... 5

<u>Statutes</u>

42 U.S.C. § 12101(b)(3) ........................................................................ 10

42 U.S.C. § 12188.................................................................................... 5

Americans With Disabilities Act ("ADA") ....................................... *passim*

Administrative Procedure Act ................................................................ 15

California Disabled Persons Act.................................................... 5, 6, 12

Unruh Civil Rights Act (:UCRA") ................................................. *passim*

<u>Other Authorities</u>

http://www.clindesse.com......................................................................... 2

http://www.perrigo.com............................................................................ 2

U.S. Const. Article III, § 2, cl. 1 .......................................................... 14

-4-

## I.    <u>INTRODUCTION</u>

Plaintiffs Dominick Martin and Abelardo Martinez, Jr. ("Plaintiffs") and their counsel have filed hundreds of identical lawsuits alleging that a myriad of businesses have websites that are inaccessible to blind and/or visually impaired persons in violation of the Americans with Disabilities Act ("ADA") and California's Unruh Act ("Unruh Act").  This case is no different.  In all of these cases, as soon as Plaintiffs' counsel believes they are firmly in California state court, Plaintiffs' counsel abandon any theory of liability that is not *exclusively* premised upon the ADA.  As demonstrated below, this is a systematic and deliberate strategy of attempting to purposely evade this Court's subject matter jurisdiction.

In this case, Defendant Perrigo Company PLC (hereinafter "Defendant") will stipulate to remand this case if Plaintiffs agree to stipulate that they are not claiming or seeking any relief for violations of the ADA.

First, Plaintiffs' counsel's strategy of deliberately misleading this Court regarding the basis for his claims should not be condoned.  The Court should require Plaintiffs to expressly disclose that they are seeking relief under the Unruh Act and *not* the ADA if the Court is inclined to remand this action.

Second, Plaintiffs argue that this Court lacks federal question jurisdiction over their Unruh Act claim under *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002).  Plaintiff is wrong.  As explained below, District Courts have distinguished *Wander* and held that there is federal question jurisdiction when, as here, Plaintiffs seek injunctive relief and their Unruh Act claim is based solely on ADA violations.

Therefore, Plaintiffs' motion should be denied in its entirety.

## II.    <u>FACTUAL BACKGROUND</u>

### A.    <u>Plaintiffs' Allegations.</u>

Plaintiffs and their counsel specialize in bringing these form nuisance lawsuits claiming that a defendant business' website is not accessible to the blind and/or visually impaired.  What constitutes a legally accessible website is unknown

1  because there are no official standards that a private website must meet.  There is

2  vast disagreement among experts in the accessibility community concerning what

3  constitutes a legally accessible website and what standards are appropriate to

4  measure a website against.  *E.g.* WCAG 2.0 vs. New Law: Why Legal Compliance

5  Requirements for Web Accessibility Must Be Different, Kris Rivenburgh, Medium.

6  This has led to litigation abuse.  See Declaration of Gregory F. Hurley ("Hurley

7  Decl."), Exh. A, B, C. (Letters from members of Congress and state attorneys

8  general expressing concern about lack of guidance from DOJ on issue of website

9  access and resultant explosion of website accessibility litigation).

10       As in all of their cases, Plaintiffs make vague unspecific allegations that

11  Defendant's websites, http://www.perrigo.com and http://www.clindesse.com

12  ("Websites"), contains things like "empty headings," "broken ARIA references",

13  "missing form labels," and "empty links" (Dkt. 1-1 at ¶ 19).  What images

14  supposedly lack alternative text are not identified, nor do Plaintiffs identify how that

15  lack of text supposedly impacted their ability to use the website.  The same is true of

16  all of their allegations and these allegations are basically common to each and every

17  lawsuit they file.

18       Most critically, Plaintiffs do not explain how these alleged issues may have

19  impeded their access to any brick and mortar location and/or denied their access to

20  Defendant's goods.  Nor could Plaintiffs do so because Defendant lacks any brick

21  and mortar locations in California that are open to the public.

22       **B.**    **Procedural History**

23       Plaintiffs filed their complaint in this action on July 23, 2020 in the Superior

24  Court of California for the County of Los Angeles.  Defendant timely removed this

25  action to this Court on September 22, 2020.  (See Dkt. 1).

26       Last fall, a District Court in the Eastern District of California debated this

27  issue in a case making similar allegations and another counsel (who also specializes

28

1  in filing these boilerplate website accessibility lawsuits) agreed to these same

2  conditions during oral argument.  (Hurley Decl., Exh. D).

3      **C.**    **The _Thurston v. Omni_ Template.**

4      The problem with Plaintiffs' counsel's approach is illustrated by their conduct

5  in a nearly identical lawsuit brought by another plaintiff represented by Plaintiffs'

6  counsel, Cheryl Thurston.  (*See Thurston v. Omni Hotels,* San Bernardino County

7  Superior Court Case No. CIVDS1620291 and C.D. Cal. Case No. 5:16-cv-2596-

8  TJH (KKx)).  In an identical ADA website access lawsuit brought by Ms. Thurston,

9  represented by Plaintiff's counsel, Omni removed the action to this Court and Ms.

10 Thurston moved to remand this case.

11     In that lawsuit, Ms. Thurston represented to *this Court*:

12         Unlike here, the plaintiff in *Fontano* expressly based his Unruh

13         cause of action upon the defendant's alleged violation of the

14         ADA.  This is not the case here.  **Plaintiff's Unruh cause of**

15         **action, and the injunctive relief and statutory damages**

16         **sought pursuant thereto, are independent of Defendant's**

17         **violations of the ADA.**  Indeed, Plaintiff acknowledges as

18         much when she fulfills the pleading requirements for an

19         independent Unruh cause of action:  'Defendant's actions

20         constitute *intentional discrimination* against Plaintiff on the

21         basis of a disability in violation of [Unruh] in that:  Defendant

22         has constructed a website that is inaccessible to Plaintiff;

23         maintains the website in this inaccessible form; and *has failed*

24         *to take actions to correct those barriers even after being*

25         *notified of the discrimination that such barriers cause*.'

26         (Complaint at ¶ 20).

27         **Plaintiff does not, at any point in her complaint, base her**

28         **Unruh cause of action upon Defendant's violations of the**

-3-

Case No. 2:20-cv-08705 GW (AFMx)

**ADA.**  Instead, Plaintiff merely acknowledged that Defendant
has likewise violated the ADA based on its knowing refusal to
make its website equally accessible:  'Defendant is *also*
violating [Unruh] in that the conduct alleged herein constitutes
a violation of various provisions of  the [ADA].'  (*Id*. at ¶ 21).
(Plaintiff's Reply Brief at pp. 3-4, lines 13-2 (Exhibit F).)

Despite these express representations to the District Court, Plaintiffs' counsel
then completely reversed course once the case was remanded and based
Ms. Thurston's Unruh claim entirely upon the ADA.  Plaintiffs' counsel did so
because there was zero evidence that Omni Hotels had "intentionally" discriminated
against Ms. Thurston and her claim was fatal if she was required to prove that
element of her claim.  Indeed, there is doubtful any evidence of willful and
affirmative misconduct in any of the cases filed by Plaintiffs or their counsel.

Ms. Thurston then claimed that she was not judicially estopped from taking
those inconsistent positions because this Court did not expressly acknowledge that
representation in its Order.  (*See* Plaintiff's Brief re: Judicial Estoppel (Exhibit G);
*see also* Order Dated May 19, 2017 (Exhibit H).  Plaintiff's counsel then blames
Defendant's counsel for raising the issue with the Superior Court and not this Court.
(Exh. G at 5).

Plaintiffs' counsel's deliberate tactic of taking one position in this Court
solely to avoid remand and then taking a different position in the Superior Court
once the case is remanded should be put to an end.  In the event this Court is
inclined to remand the action, the Court should require Plaintiffs clearly state that
they are <u>not</u> seeking relief for violations of the ADA under their Unruh claim.
Plaintiffs' counsel's refusal to even engage in the meet and confer process with
regard to this straightforward request is revealing about his intentions here.
Tellingly, Plaintiffs' motion appears to state they are not seeking any relief pursuant
to the ADA.  (*See* Dkt. 9 at 7).

-4-

III.   **PLAINTIFFS' CAUSE OF ACTION PRESENTS A FEDERAL QUESTION**

   A.   **The Interplay Between the ADA and the Unruh Act.**

   When it enacted Title III of the ADA, Congress explicitly provided private plaintiffs with a right of action to enforce the ADA as to barriers to access in places of public accommodation.  *See* 42 U.S.C. § 12188.  In doing so, Congress granted federal district courts the power to order injunctive relief in order to enforce the barrier removal provisions of the ADA.  *Id.*  As recognized by the Ninth Circuit, private enforcement through litigation is one of the primary methods to effectuate compliance with the ADA and provide greater accessibility to disabled persons.  *See, e.g., Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008).  Under the ADA, the only remedy available to private plaintiffs is injunctive relief.  *See, e.g., Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002); 42 U.S.C. § 12188.

   Following the ADA's enactment, lawmakers in the state of California decided to modify California's Unruh Act to incorporate the ADA.  *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668-669 (2009).  As a result, "[a] violation of the ADA is, by statutory definition, a violation of...the Unruh Act."  *Zamora v. Wendy's Int'l., LLC*, 2020 WL 3469331, *3 (N.D. Cal. June 25, 2020).  Similarly, courts have held that a violation of the ADA also constitutes grounds for a violation of the California Disabled Persons Act ("DPA").

   In California, violations of these state-law statutes not only entitle successful private plaintiffs to injunctive relief, but also statutory damages (assuming they can show the additional state-law elements required for the awarding of damages).

   As explained below, whether or not a district court has federal question jurisdiction in a case alleging a violation of the Unruh Act depends on whether their Unruh Act claim is premised upon violations of federal or state accessibility standards and whether the plaintiffs are seeking injunctive relief or statutory damages.

**B.     Where a Plaintiffs' Claim For Injunctive Relief Under the ADA is Identical To Their Claim For Injunctive Relief Under State-Law, This Court Has Original Jurisdiction Over The Claim.**

A federal court has jurisdiction on the basis of a federal question only where the "well-pleaded complaint establishes . . . that federal law creates the cause of action" or where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd.*, 463 U.S. at 13, 27-28 (1983).

Plaintiffs are wrong that *Wander v. Kaus*, 304 F.3d 856 (9th 2002) forecloses a finding of original jurisdiction in these cases.  In *Wander*, the Ninth Circuit merely stated that there was no federal-question jurisdiction over a claim under the DPA for **statutory damages after the ADA claim for injunctive relief had been dismissed as moot.**  As explained below, courts have recognized that *Wander* does not automatically apply to cases, such as the one here, where the plaintiff seeks injunctive relief based upon violations of the ADA.

The following cases are illustrative.  In *Fontano v. Little Caesar Enterprises, Inc.*, 2010 WL 4607021 (C.D. Cal. Nov. 3, 2010), the court denied plaintiff's request for attorneys' fees and costs in support of his motion to remand (which defendant did not oppose).  Similar to the facts of this case, plaintiffs asserted a cause of action under the Unruh Act and sought injunctive relief and damages.  *Id.* at *1.  Plaintiffs' cause of action under the Unruh Act was premised upon a violation of the ADA.  *Id.*  He did not allege a cause of action under the ADA or seek relief under the ADA in his prayer for relief.  *Id.*

Contending that defendant's removal was groundless, plaintiff sought his attorneys' fees in support of his motion to remand.  Plaintiff cited *Wander* and argued that "state law's incorporation of the ADA does not create federal-question jurisdiction and asserted that '[t]he Ninth Circuit Court of Appeals cannot be any clearer on this point:  Federal-question jurisdiction over a state-law claim is not

created just because a violation of federal law is an element of the state law claim.'"
*Id.*

> The *Fontano* court disagreed and declined to award plaintiff any fees or costs:
>
>> "However, this issue is not as clear as Plaintiff suggests.  In *Wander,* a plaintiff brought a claim for injunctive relief under the Americans with Disabilities Act and a claim for damages under the California Disabled Persons Act in federal court. *Wander,* 304 F.3d at 857.  When plaintiff's claim for injunctive relief became moot, the court dismissed his state law claims for lack of subject matter jurisdiction, which plaintiff appealed.  *Id.* at 857-58.  The *Wander* court affirmed the district court's dismissal of plaintiff's state law claims, holding that "there is no federal-question jurisdiction over a lawsuit for *damages* brought under California's Disabled Person's Act, even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law.
>>
>> …
>>
>> **Thus, the *Wander* court left open the question of whether a claim seeking *injunctive relief* under a state law incorporating the ADA would give rise to federal-question jurisdiction.**
>>
>> …
>>
>> Without any evidence that Plaintiff's claim for injunctive relief was moot at the time Defendant removed the case to federal court, it is at the very least arguable that this Court had federal-question jurisdiction over Plaintiff's section 51(f) claim."

*Id.* at *2 (emphasis added).

Another district court in California, *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002), relied upon by the *Fontano* court, concluded that a complaint seeking **injunctive relief** under a state law statute incorporating the ADA would, in fact, give rise to federal-question jurisdiction.  The *Pickern* court reasoned:

> "State law provides for injunctive relief as well as damages, *see* Cal. Civ. Code § 52.1(b), and it is possible for a state law claim for injunctive relief to be premised solely on a violation of the ADA.  Such a claim would be no different from a federal ADA claim.  **Federal question jurisdiction must exist in those circumstances.**  Simply by incorporating the ADA into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims.  State claims for damages, on the other hand, are not identical to federal ADA claims for injunctive relief.  **Thus, federal courts would have original jurisdiction over state claims for injunctive relief, and supplemental jurisdiction over state claims for damages.**

*Id*. at 1132 n.5 (emphasis added).  The opinion in *Pickern* was cited with approval by the Ninth Circuit in *Wander*, *supra* at 860.

In *Gunther v. Ralphs Grocery Company*, 2005 WL 3789616 (C.D. Cal. 2005), the plaintiff argued that his lawsuit should be remanded because his complaint only alleged state disability access claims under the Unruh/DPA. The district court rejected the plaintiff's argument and held that federal jurisdiction existed even though no ADA claim was alleged:

> "The Court finds that federal courts have jurisdiction to hear cases in which a plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Here,

-8-

1           Plaintiff's claim necessarily depends on resolution of a

2           substantial question of federal law, the Americans with

3           Disabilities Act. Accordingly, Plaintiff David Gunther's Motion

4           to Remand Case to State Court is DENIED."

5 *Id*. at *1.

6       Other cases are in accord that *Wander* does not foreclose the possibility that

7 district courts may have federal question jurisdiction over claims for injunctive

8 relief under the Unruh/DPA and exercise supplemental jurisdiction over the related

9 claims for damages. *See, e.g. Licea v. Reebok Int'l Ltd.,* 2019 WL 4014431, *1

10 (C.D. Cal. 2019) ("*Wander* did not address whether a federal question is raised

11 when the state law claim seeks injunctive relief and an element of the claim is

12 satisfied by an ADA violation."); *Martinez v. Adidas Am., Inc*., 2019 WL 3002864,

13 *4 (C.D. Cal. 2019); *Thurston v. ClearPath Lending, Inc*., 2019 WL 366405 (C.D.

14 Cal. 2019); *Rios v. New York & Co., Inc.*, 2017 WL 3575220 (C.D. Cal. 2017);

15 *Thurston v. Omni Hotels Mgmt. Corp.*, 2017 WL 3034333 (C.D. Cal. 2017);

16 *Thurston v. Container Store, Inc.*, 2017 658806 (C.D. Cal. 2017); *Jackson v.*

17 *Yoshinoya Am. Inc*., 2013 WL 865596 (C.D. Cal. 2013); *Carpenter v. WU*, 2008

18 WL 4534279 (C.D. Cal. 2008).

19       In sum, this Court has original jurisdiction over Plaintiffs' claim for

20 injunctive relief because it is identical to the relief he could obtain under the ADA.

21 To hold otherwise would be to enable states to deprive Article III courts of matters

22 that would otherwise be under their jurisdiction, which is forbidden by the

23 Supremacy Clause.

24     **C.**    **Congress Intended for Federal Courts, Not State Courts,**

25 **Determine the Scope and Enforcement of the ADA.**

26       Further, there can be no dispute that resolution of the injunctive relief portion

27 of a claim that is premised upon the ADA is of substantial importance to the federal

28 system. Congress specifically designed the ADA around the idea that access for

persons with disabilities would be enhanced through resolution of access claims by private litigants in the federal courts. Federal policy is to effectuate improved access for persons with disabilities by permitting private litigants to resolve their claims in federal court where a plaintiff has alleged a violation of the ADA.

Defendant further notes that one of the central purposes of the ADA was "to ensure that the *Federal government plays a central role in enforcing the standards established in this act* on behalf of individuals with disabilities." 42 U.S.C. § 12101(b)(3) (emphasis added). It would run contrary to this expectation for the federal courts to cede enforcement of the ADA to the states.

One problem that has emerged is the risk of inconsistent adjudications of the scope of the ADA. It is already the case that a circuit split exists concerning the applicability of websites nationally. The Ninth Circuit is one of several circuits that limits the application of the ADA to situations where there is a "nexus" to an actual, physical place. *E.g. Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019); *see also Magee v. Coca-Cola Refreshments USA, Inc*. 833 F.3d 530, 534 (5th Cir. 2016) (concluding that vending machines are not places of public accommodation because the ADA definition of public accommodation only includes actual physical spaces open to the public); *Earll v. eBay, Inc*. 599 F.App'x 695, 696 (9th Cir. 2015) ("We have previously interpreted the term 'place of public accommodation' to require 'some connection between the good or service complained of and an actual physical place.'"); *Ford v. Schering-Plough Corp*. 145 F.3d 601, 612-14 (3d Cir. 1998) (holding that "public accommodation" does not refer to non-physical access); *Parker v. Metro. Life Ins. Co*. 121 F.3d 1006, 1013-14 (6th Cir. 1997) ("The clear connotation of the words in § 12181(7) is that a public accommodation is a physical place."). *Compare Doe v. Mut. of Omaha Ins. Co*. 179 F.3d 557, 559 (7th Cir. 1999) (ADA covers public accommodations "whether in physical space or in electronic space"); *Carparts Distrib. Ctr., Inc. v. Auto. Wholesaler's Ass'n of New England,*

1   *Inc*. 37 F.3d 12, 19 (1st Cir. 1994) (ADA does "not require 'public

2   accommodations' to have physical structures for persons to enter.").

3        District Courts in California have found that the "nexus" requirement means

4   that a business must have physical stores that are open to the public in California in

5   order to maintain a claim under the ADA or Unruh Act.  For instance, in *Thurston v.*

6   *FCA US LLC*, the District Court dismissed the complaint because plaintiff could not

7   demonstrate that defendant owned and operated a place of public accommodation.

8   2018 WL 700939 at *5. There, plaintiff alleged, based on "information and belief,"

9   that defendant "owns and operates car dealership locations in California" which are

10   "places of public accommodation." *Id*. at *4. However, the plaintiff alleged no facts

11   demonstrating that she had any basis for her "information and belief." *Id*. The Court

12   noted that, "if [p]laintiff had conducted even a cursory investigation of publicly

13   available sources, she would have easily discovered that [d]efendant is not licensed

14   as either a lessor/retailer of automobiles or as an automobile dealer/broker, and,

15   thus, [d]efendant is not the owner of any dealerships in California." *Id*. Accordingly,

16   the Court held that plaintiff failed to plead a sufficient nexus because she failed to

17   demonstrate that there was any "reasonable basis" for her "belief" that defendant

18   owned and operated dealerships in California, and thus "failed to plausibly

19   demonstrate that [d]efendant owns and operates a place of public accommodation."

20   *Id*.

21        In *Young v. Facebook, Inc.*, the plaintiff similarly contended that Facebook's

22   website had a sufficient nexus to a physical place of public accommodation because

23   Facebook sold its gift cards in various retail stores across the country, and the

24   alleged discrimination on Facebook's website deprived plaintiff of full and equal

25   access to the goods and services provided by Facebook through physical retail

26   stores. 790 F. Supp. 2d at 1115. The District Court rejected this claim because the

27   ADA explicitly provides that "[n]o individual shall be discriminated against on the

28   basis of disability in the full and equal enjoyment of the goods, services, facilities,

-11-

Case No. 2:20-cv-08705 GW (AFMx)

privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to) or operates* a place of public accommodation." *Id.* (emphasis in original). In particular, the Court observed that "[w]hile the retail stores that sell Facebook gift cards may be places of accommodation, [plaintiff] does not allege that Facebook, Inc. "owns, leases (or leases to) or operates" those stores" and "Facebook's internet services thus do not have a nexus to a physical place of public accommodation for which Facebook may be liable under the statute." *Id.* at 1116.

Numerous other courts that follow the "nexus" rule are in accord. *See, e.g., Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017, 1023-24 (N.D. Cal. 2012) (streaming video library was a website, not an actual physical place, and under judicial precedent, it was not a place of public accommodation under the ADA), aff'd, 600 Fed. Appx. 508 (9th Cir. 2015); *Jancik v. Redbox Automated Retail, LLC*, 2014 WL 1920751, *8 (C.D. Cal. May 14, 2014) ("In short, Redbox Digital's website, which offers Redbox Instant, is not a "place of public accommodation." and dismissing Plaintiff's ADA, Unruh, and DPA claims that were premised upon Redbox's website); *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1115-16 (N.D. Cal. 2011) (finding that Facebook was not a place of public accommodation in Title III claim by mentally disabled plaintiff alleging failure to provide reasonable customer service upon deactivation of her account); *Ouellet v. Viacom*, 2011 WL 1882780, *5 (D. Mont. Mar. 31, 2011) ("Absent allegations that a website impedes the plaintiff's 'access to a specific, physical, concrete space[,]' and absent allegations establishing a nexus between a website and a physical place of public accommodation, a plaintiff's allegations fail to state a claim upon which relief could be granted."); *Peoples v. Discover Fin'l Services, Inc.*, 2009 WL 3030217, *2 (E.D. Pa. 2009) (services available on internet website must have some connection to a physical place of accommodation to fall within ADA's 'place of public accommodation' requirement), aff'd 387 Fed. Appx. 179 (3d Cir. 2010); *Noah v. AOL Time Warner,*

-12-

*Inc.*, 261 F. Supp. 2d 532, 545 (E.D. Va. 2003) (AOL's chat rooms are not places of public accommodation subject to ADA); *Access Now, Inc. v. Southwest Airlines, Co.*, 227 F. Supp. 2d 1312, 1321 (S.D. Fla. 2002) (website consisted of no particular geographical location and, therefore, www.southwest.com was not a place of public accommodation like a ticket counter or travel agency), aff'd, 385 F.3d 1324, 1329 (11th Cir. 2004); *Anderson v. Macy's, Inc.*, 2012 WL 3155717, at \*4 (W.D. Pa. Aug. 2, 2012) ("Since a website is not a physical accommodation, the Title III claim against Macy's Online must be dismissed.").

Despite this authority clearly establishing the "nexus" rule in states covered by the Ninth Circuit, which includes California, there appears to be an emerging divergence in how the ADA is applied by the state courts.  For example, in December 2019, a California Superior Court in Riverside County declined to follow the Ninth Circuit's clearly established "nexus" requirement and allowed an Unruh inaccessible website claim premised upon a violation of the ADA to proceed despite the conceded lack of any "nexus" to an actual, physical place.  (*See* Hurley Decl., Exh. J, decision in *Martinez v. Kydia, Inc.*, Riverside County Superior Court Case No. MCC1900691).  If this case was venued in the Central District of California, the case would have been dismissed under binding Ninth Circuit authority.  *E.g. Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000); *Earll v. eBay, Inc.* 599 F.App'x 695, 696 (9th Cir. 2015) (dismissing ADA/Unruh claim by deaf individual because ebay.com was not an actual, physical place); *Thurston v. FCA LLC*, 2018 WL 700939, \*1 (C.D. Cal. Jan. 26, 2018) (dismissing ADA/Unruh Act claim where defendant did not own or operate a physical location in California).

In addition, just this year, the California Court of Appeal issued an opinion reversing a superior court's decision that dismissed an "inaccessible website" claim against an out of state defendant that operated no physical locations in California. *See Thurston v. Fairfield Collectibles of Georgia, LLC,* 53 Cal. App. 5th 1231 (2020).  The decision alarmingly found that the out of state defendant, with only 8%

of its total sales based in California *through the internet or catalog only*, could be sued in California for purported violations of the Unruh Act. *Ibid.* The opinion does not address the *merits* of the plaintiff's Unruh Act claim, but it demonstrates an inclination to allow the case to proceed despite the undisputed lack of any "nexus" to a brick and mortar location in California – which would run contrary to Ninth Circuit law.

The authority cited by Plaintiffs in their motion to remand utterly ignores the chaotic ramifications of liability in California being drastically different *under a federal statute* solely based upon whether the case is located in state or federal court. This weighs in favor of maintaining jurisdiction in this court

### D.   Plaintiffs Premise Their Claim Exclusively Under the ADA.

The Constitution gives federal courts the power to hear cases "arising under" the Constitution, laws, and treaties of the United States. U.S. Const. art. III, § 2, cl. 1. Whether a case presents a federal question is determined by the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The "well-pleaded complaint" rule was articulated by the Supreme Court in *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908). Essentially, the "well-pleaded complaint" rule requires that a federal question appear on the face of the plaintiffs' complaint in order for a party to invoke federal question jurisdiction. *Id.* at 152.

In this case, Plaintiffs' Complaint on its face is based on state law. Nevertheless, this court's inquiry is not at an end because the courts held that district courts evaluate the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law. The reviewing court looks to the substance of the complaint, not the labels used in it. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 6 (1983).; *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2 (1981); *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984); *In re Carter*, 618 F.2d 1093, 1101 (5th Cir.1980). This process of

-14-

1   looking beyond the face of plaintiff's complaints to determine whether a federal

2   question has been raised is called the "artful pleading" doctrine.  *Ibid.*

3       The Supreme Court first recognized this form of the artful pleading doctrine

4   in *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921).  In *Smith*, a

5   shareholder of a corporation sued in federal district court to enjoin the corporation

6   from investing in certain bonds on the ground that they had been issued under an

7   unconstitutional federal statute.  *Id.* at 195.  Although the claim was created by state

8   law, the Court held that the cause of action still "arose under" federal law.  *Id.* at

9   199. The Court explained that where it appears from the complaint that the right to

10  relief depends on the construction of federal law the federal district courts have

11  jurisdiction.  *Ibid.*  Here, Plaintiffs' state law claim turns on issues of federal law,

12  presenting a "Smith-type" case.

13      Relying on cases like *Smith*, numerous federal courts have pierced through

14  state law complaints to determine whether the causes of action pled involved

15  substantial federal issues.  *See, e.g., U.S. Valves Inc. v. Dray*, 190 F.3d 811 (7th

16  Cir.1999) (finding that a state law action for breach of contract necessarily involved

17  federal patent law); *Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 291 (5th

18  Cir.1997) (holding that patent law was involved in a claim for royalties); *Additive

19  Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 986 F.2d 476 (Fed.Cir.1993)

20  (finding that a claim for business disparagement under Texas law involved a

21  substantial federal issue); *Robbins v. Reagan*, 780 F.2d 37, 43 (D.C.Cir.1985)

22  (finding federal question jurisdiction because the Administrative Procedure Act was

23  involved); *Grynberg Prod. Corp. v. British Gas, p.l.c.*, 817 F.Supp. 1338

24  (E.D.Tex.1993) (holding that under the well-pleaded complaint rule, a party's

25  request for specific performance, injunction and conversion claims raised substantial

26  issues of federal law).

27

28

In this case, federal question jurisdiction certainly exists.  Unlike *Wander*, Plaintiffs seek injunctive relief and their Unruh Act claim is based exclusively upon violations of the ADA.   Indeed, it is undisputed that Plaintiffs seek injunctive relief.

The Unruh Act does not contain any website accessibility standards and there are no California-specific regulations implementing the same. As such, like *Smith*, Plaintiffs' Unruh Act claim relies exclusively on alleged violations of the ADA.

This is further confirmed because Plaintiff solely alleges that "Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Unruh Civil Rights Act because Defendant has constructed Websites that are inaccessible to Plaintiff, knowingly maintains the Websites in this inaccessible form, and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause."  (Dkt 1-1 at ¶ 26).  Plaintiffs do not identify any *facts* in support of this allegation.  No persons are identified.  Plaintiffs do not say how they "notified" Defendant of the alleged discrimination or that Defendant refused to accommodate them.  Plaintiffs do not say when they notified Defendant before they filed this case.  Plaintiffs do not identify what goods or services they were allegedly denied or how Defendant affirmatively and willfully denied them access to those services.  Indeed, given Plaintiffs' hundreds of lawsuits *making <u>identical</u> allegations*, it is extraordinarily unlikely that hundreds of businesses are engaging in a pattern and practice affirmative and willful discrimination against them.  Plaintiffs' conclusory and boilerplate allegations are insufficient to state an Unruh Act claim *independent* of the ADA.

A showing of "affirmative and willful" discrimination is a required element of Plaintiffs' Unruh Act claim where it is not exclusively predicated on the ADA. *E.g. Koebke v. Bernardo Heights Country Club*, 36 Cal.4th 824, 853 (2005) (Unruh Act contemplates "willful, affirmative misconduct on the part of those who violate the Act" and that a plaintiff must therefore allege, and prove, more than the disparate

-16-

impact of a facially neutral policy); *Belton v. Comcast Cable Holdings, LLC*, 151 Cal.App.4th 1224 (2007) (Comcast's policy, which was neutral on its face, was not actionable despite the disproportionate impact on blind people, because the Unruh Act required willful, affirmative misconduct) misconduct); *Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc*., 742 F.3d 414 (9th Cir. 2014) (Although hearing-impaired individuals bore the brunt of CNN's neutral policy of not captioning videos, the Ninth Circuit concluded that the disparate impact was insufficient to support an Unruh Act claim as a matter of law.); *Earll v. eBay, Inc*., 2011 WL 3955485 (N.D. Cal. Sept. 7, 2011), aff'd 599 Fed. Appx. 695 (9th Cir. 2015) (allegations were either conclusory, and therefore, lacked the requisite factual support to make out a claim for intentional discrimination, or, even if true, did not imply that eBay was unwilling or unable to remedy the situation and therefore, Unruh Act claim failed as a matter of law); *Cullen v. Netflix, Inc*., 880 F.Supp.2d 1017 (N.D. Cal. 2012) (holding plaintiff failed to state an Unruh Act claim by alleging that Netflix failed to "caption a meaningful amount of its streaming library" because such conduct was not "willful, affirmative misconduct"); *Young v. Facebook*, 790 F.Supp.2d 1110 (N.D. Cal. 2011) (holding that plaintiff failed to state an Unruh Act claim by alleging that Facebook's customer service system was difficult for her to use due to her bipolar disorder because Facebook's customer service system treated all users in the same cold, automated way).

In other words, Plaintiffs' boilerplate and unsupported allegation of intentional discrimination should not be considered to allow Plaintiffs to evade this Court's jurisdiction.

## IV.   <u>CONCLUSION</u>

For all the foregoing reasons, Defendant respectfully requests the Court deny Plaintiffs' motion and retain jurisdiction over this action.

1  Dated:  November 9, 2020

2                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                          By         /s/ Gregory F. Hurley

5                                  GREGORY F. HURLEY
                                   Attorneys for Defendant,
6                                  PERRIGO COMPANY PLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-