**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8705-GW-AFMx | Date | November 20, 2020 |
|---|---|---|---|
| Title | *Abelardo Martinez, et al. v. Perrigo Co. PLC* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION; VACATING DATES**

The Complaint in this action contains a single claim for relief for violation of California's Unruh Civil Rights Act ("Unruh"). Yet, defendant Perrigo Company PLC ("Defendant") removed the case from Los Angeles County Superior Court, asserting this Court's federal question jurisdiction over the action. Based on the Court's *sua sponte* review of subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and a review of the parties' papers on a forthcoming motion to remand, the Court will remand the action to state court, and vacate the November 30, 2020 hearing date set for that motion to remand along with all other future dates set in this action.

Although plaintiffs Abelardo Martinez and Dominick Martin ("Plaintiffs") certainly mention in their Complaint that a violation of the Americans with Disabilities Act ("ADA") *can* constitute a violation of Unruh, *see* Complaint ¶ 3, and assert that Unruh is "also" violated here because of a violation of the ADA, *see id.* ¶ 27, their sole claim is clearly based upon violation of a California statute. They may prevail on that claim without necessarily relying on the ADA for a violation of Unruh. *See id.* ¶¶ 24-26. As such, there plainly is no federal question jurisdiction here under the prevailing test in such circumstances. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim."); *see also Nev. v. Bank of Am. Corp.*, 672 F.3d 661, 674-75 (9th Cir. 2012); *Castillo v. Tamara Mellon Brand, Inc.*, No. CV 19-10466-GW-MRWX, 2020 WL 703693 (C.D. Cal. Feb. 10, 2020); Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE, FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2020), ¶¶ 2:592, 2:2527, 2:2561, 2:2567.

                                                                                                                               :

Initials of Preparer    JG

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8705-GW-AFMx | Date | November 20, 2020 |
|---|---|---|---|
| Title | *Abelardo Martinez, et al. v. Perrigo Co. PLC* | | |

    Nor are Plaintiffs under any obligation to commit, in this Court, to only proceeding by way of a purely Unruh-based theory once they return to state court. Were that the case, the *Rains* rule would be of no force, because anytime a state court plaintiff mentioned federal law as merely *one* avenue – as opposed to a *necessary* avenue – for prevailing upon a claim, a federal court – otherwise lacking subject matter jurisdiction – could force the plaintiff to entirely abandon that theory. This court simply does not believe that any federal district court taking a different approach on this particular question is acting within the confines of its power.

    Plaintiffs, as the master of their Complaint, were entitled to state a claim only under Unruh, even though they might also have attempted to state a claim directly under the ADA. Defendant has not succeeded in finding a way to persuade the Court otherwise. The Court lacks subject matter jurisdiction over the action.

    It is worth mentioning here that this Court ruled in exactly this same manner in the matter of *Licea v. Chegg*, No. 2:20-cv-08615-GW (RAOx), on October 23, 2020. Defense counsel in this action – indeed, *all* counsel in this action – are the same as in *Licea*. While this matter was removed to this Court prior to this Court's remand ruling in *Licea*, Defendant's Opposition brief was filed *after* the remand order in *Licea*. Plaintiffs cited *Licea* in their motion. Yet, Defendant failed to even mention the ruling in its Opposition brief.

    In addition, Defendant makes several statements in its Opposition brief that are either misleading or simply false. *See, e.g.*, Docket No. 10, at 16:2-3 ("Plaintiffs seek injunctive relief and their Unruh Act claim is based exclusively upon violations of the ADA."). It plays fast-and-loose with the phrase "this Court," at least suggesting that plaintiffs in other cases have made statements to *this judicial officer*, when what Defendant actually means is statements made in proceedings before other judges in *this District*. *See, e.g.*, *id.* at 3:11, 4:20. Defendant also makes significant representations about how federal question jurisdiction is assessed – at least in its view – with *no supporting citation to authority*. *See, e.g.*, *id.* at 9:19-23 ("In sum, this Court has original jurisdiction over Plaintiffs' claim for injunctive relief *because it is identical to the relief he [sic] could obtain* under the ADA. To hold otherwise would be to enable states to deprive Article III courts of matters that would otherwise be under their jurisdiction, *which is forbidden by the Supremacy Clause*.") (emphasis added).

    The Court will not *sua sponte* sanction Defendant or its counsel in connection with these statements or tactics (or in connection with the refusal to come to terms with the *Licea* ruling), as Plaintiffs request in their Reply brief. However, should Defendant's counsel continue to remove cases from state court to this Court that do not differ from the pleading approach taken in cases such as this one and *Licea*, and in the absence of controlling or *exceedingly persuasive* (and new) authority

                                                                                                        :

Initials of Preparer    JG

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-8705-GW-AFMx | Date | November 20, 2020 |
|---|---|---|---|
| Title | *Abelardo Martinez, et al. v. Perrigo Co. PLC* | | |

supporting such a maneuver in a case involving the *exact same* pleading approach in an Unruh Act case, the case for sanctions and/or awards of attorney's fees against at least Defendant's counsel becomes very strong.

      The hearing set for November 30, 2020, and all other future dates in this action are vacated, and the action is remanded to Los Angeles County Superior Court.

      It is so ordered.

 

| | : | |
|---|---|---|
| | Initials of Preparer | JG |